FILED
HARRISBURG, PA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Docket No. 1:Cr-01-104 |
| v. | : | |
| Alando Wallace | : | |

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C §3582(c)(2)

AND NOW COMES Alando Wallace, pro se and hereby prays and respectfully moves this Honorable Court to consider this case for reduction of sentence pursuant to Title 18 U.S.C. §3582(c)(2), pursuant to U.S.S.G. Section 1B1.10, Amemdment 706, Effective November 1, 2007, and made retroactive effective March 3, 2008.

### I. BACKGROUND

On June 27, 2001, defendant pled guilty to Count One of an Indictment charging him with possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A).

At the sentencing on April 25, 2002, the Court sentenced defendant to a term of 135 months' imprisonment, 5 years' supervised release, $500.00 fine and a Special Assessment of $100.00. Defendant received a 135 month term of imprisonment based upon a finding of drug quantity of at least 150 grams but less than 500 grams of cocaine base. This resulted in a base offense level of 34. Defendant's Criminal History Category scored at III. Defendant received a downward adjustment of three (3) levels for acceptance of responsibility.

This resulted in an adjusted offense level of 31 and a CHC of III, for a custody range of 135 to 168 months' imprisonment. This Court imposed a 135 month term of imprisonment.

## II. CONSIDERATION FOR REDUCTION OF SENTENCE

Title 18 U.S.C. §3582(c)(2) provides that "...upon motion of the defendant..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (Relevant portion)

In this situation, the Sentencing Commission lowered the cocaine base section of the Sentencing Guidelines, effective November 1, 2007, Amendment 706. The Sentencing Commission also recommended that Amendment 706 be made retroactive, effective March 3, 2008. U.S.S.G. §1B1.10(a) provides, "[w]here a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines [that is specifically referenced in §1B1.10(d)], a reduction in defendant's term of imprisonment may be considered under 18 U.S.C. §3582(c)(2)." The November 1, 2007 amendment to §2D1.1, i.e., Amendment 706, has specifically been made retroactive effective March 3, 2008. Thus, this Court **may consider** a reduction of defendant's sentence pursuant to Amendment 706. Defendant does realize that such a reduction is not mandatory but is instead committed to the sound discretion of this Court.

With respect to the factors to be considered pursuant to §3553(a), defendant submits that he has been engaged in post-sentencing rehabilitative efforts, as exemplified in the attachments hereto. Section 3553(a) lists

-2-

the factors to be considered in imposing a sentence, including defendant's post-amendment guidelines range, and defendant prays and moves the Court to consider his personal and offense characteristics along with his rehabilitative efforts, and declare that defendant merits a sentence reduction, and GRANT his motion. Defendant is aware that this Court cannot impose a sentence lower than any statutory minimum penalty, in this case 120 months imprisonment. Defendant's post-amendment guidelines range is 108-135 months' imprisonment. However, this Court **cannot** impose a sentence lower than 120 months as required by statute.

Done this 3rd day of March, 2008.

Respectfully Submitted,

*A. Wallace*

Alando Wallace - Pro Se
Reg. No. 10613-067
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000