MCC:EP:mz

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:CR-01-104 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| ALANDO WALLACE | ) | (Electronically filed) |

### GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)

AND NOW comes the United States of America, by its undersigned counsel and submits the following Response to the Defendant's Motion for Relief pursuant to Title 18 United States Code, Section 3582(c), setting forth the following material factors in support thereof:

**I.  STATEMENT OF FACTS AND THE CASE**

On April 15, 2002, the defendant, Alando Wallace, was sentenced to 135 months' in prison, the minimum under the then-existing guidelines. Wallace was subject to a 120-month mandatory minimum due to his possession with intent to distribute 480 grams of crack cocaine on March 8, 2001. Under the amendment to the guidelines, just over 500 grams of crack would now be needed to have the defendant subject to the same guideline as he was during his original sentencing.

While police actually seized just 480 grams of crack cocaine at the time of his arrest, the police had earlier, in 2001, on three separate occasions, bought $150 worth of

crack cocaine from the defendant. Additionally, the defendant had $58,275 in cash in his bedroom from the sale of narcotics. (PSR ¶¶ 5, 6, 10 and 45.)

In 1999, the defendant was arrested after police found marijuana, packaging materials, two sets of scales, a .38 caliber revolver, drug records and $4,000 in cash in his bedroom. Pursuant to a plea agreement, the defendant pled *nolo contendre* to simple possession of 9.8 grams of marijuana. The defendant only received one criminal history point for this conviction.

In November of 2000, the defendant was found in violation of a protection from abuse order after Melissa Kuhn reported that the defendant had struck her. The defendant was ordered to pay a $100 fine and the PFA was extended for an additional 18 months.

The defendant now requests that this court reduce his sentence 15 months down to the mandatory minimum sentence in light of the amendment to the guidelines involving crack cocaine.

## II.    DISCUSSION

The sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under section 1B1.10 of the United States Sentencing Guidelines. U.S.S.G. § 1B1.10, comment (n.3).

The Sentencing Commission's inclusion of Guidelines' Amendments 706 and 711 in U.S.S.G. § 1B1.10(c) "reflects policy determination by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound

discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants." U.S.S.G. § 1B1.10, comment. (backg'd.). (Emphasis added.) But "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of [the] previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle [the] defendant to a reduced term of imprisonment as a matter of right." Id. (Emphasis added.)

In determining whether a reduction in the defendant's term of imprisonment is warranted and the extent of any such reduction, within the limits described in U.S.S.G. § 1B1.10(b), e.g., not below the minimum of the newly-amended guideline range except if the original sentence was a downward departure, the sentencing court should consider the factors set forth in 18 U.S.C. § 3553(a) and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and may consider "post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, comment. (n.1(B)). Accordingly, we submit that the proper course of action at this juncture is the preparation of a revised presentence report applying the new crack cocaine guidelines mandated by Guidelines Amendments 706 and 711 to the defendant's case as if those new guidelines had been in effect at the time of the original sentencing. That revised presentence report should also address the question of whether a reduction of the defendant's sentence would pose a danger to any person or the community and should

inquire into the defendant's institutional conduct and any other post-sentence conduct that might inform the decision whether or not to reduce the previously-imposed sentence.

This court should also consider whether it is appropriate to exercise its discretion in a case such as this where logic dictates a conclusion that the defendant was involved with far more than 480 grams of crack cocaine.

### III.    CONCLUSION.

In light of the above, the United States opposes the defendant's request and requests that the court order a revised presentence report.

                                          Respectfully submitted,
                                          MARTIN C. CARLSON
                                          ACTING UNITED STATES ATTORNEY

                                          /s/ Eric Pfisterer
                                          Eric Pfisterer
                                          Assistant U.S. Attorney
                                          228 Walnut Street, P.O. Box 11754
                                          Harrisburg, PA 17108
                                          717/221-4482 (Office)/717/221-4493(Fax)
                                          Bar No. PA-38492

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR. NO. 1:CR-01-104 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| **ALANDO WALLACE** | ) | (Electronically filed) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 11th day of March 2008, she served a copy of the attached

**GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 3582(c)**

by first class United States mail as follows:

ADDRESSEE:

Alando Wallace, 10613-067
LCSI Allenwood
P.O. Box 1000
White Deer, PA 17887-1000

/s/ Mary Zerance
Mary Zerance
Legal Assistant

5