IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:CR-01-104 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| ALANDO WALLACE | : | (Electronically Filed) |

MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c) AND REPLY TO
GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF

AND NOW comes Alando Wallace,  by his attorney, Heidi R. Freese, of the

Federal Public Defender's Office, and files this Motion for Relief Under 18 U.S.C.

§ 3582(c), and in support thereof, avers as follows:

1.     On June 27, 2001, Alando Wallace pled guilty to distribution and

possession with intent to distribute 50 grams or more of cocaine base a/k/a

"crack," in violation of 21 U.S.C. § 841(a)(1),  and distribution and possession

with the intent to distribute marijuana, also in violation of 21 U.S.C. § 841(a)(1).

2.     The Court ordered the preparation of a presentence report.

3.     The 2001 Edition of the United States Sentencing Guidelines Manual was

used to calculate Mr. Wallace's sentencing guideline range.

4.    The presentence report provides that Alando Wallace was accountable for at least 150 grams but less than 500 grams of crack cocaine.

5.    The presentence report listed the base offense level as 34.  The offense level was reduced by three levels for acceptance of responsibility, resulting in a total offense level of 31.

6.    Alando Wallace was assigned a criminal history category of III.

7.    Mr. Wallace's sentencing guideline range was 135 to 168 months.

8.    On April 25, 2002, this Honorable Court sentenced Mr. Wallace to a term of 135 months imprisonment, representing a sentence at the bottom of the guideline range.

9.    Alando Wallace is serving this sentence at FCI Allenwood Low.

10.    Alando Wallace's  projected release date is December 25, 2010.

11.    On November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table resulting in a two level reduction in offense level for an offense involving at least 500 grams but less than 1.5 kilograms of cocaine base .

12.    On December 12, 2007, the United States Sentencing Commission announced its decision to apply the amendments to the crack guidelines retroactively effective March 3, 2008 and listed Amendment 706 in the new U.S.S.G. § 1B1.10(c).

13.     Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . ."

14.     Under the retroactive application of the amendment to the sentencing guidelines, Alando Wallace's new base offense level is 34 and, with a three-level reduction for the acceptance of responsibility, results in a total offense level of 31.

15.     An offense level of 31 and a criminal history category of III results in a now advisory guideline imprisonment range of 108 to 135 months; however, Mr. Wallace is subject to a statutory minimum term of imprisonment of ten years, which results in a guideline imprisonment range of 120 to 135 months.

16.     Because Mr. Wallace's initial sentence of 135 months was at the bottom of the guideline range, Mr. Wallace respectfully requests that this Honorable Court impose the statutory mandatory minimum sentence of 120 months in accordance with 18 U.S.C. § 3582(c)(2).

17.    On March 11, 2008, the government filed a response to Mr. Wallace's *pro se* motion, and suggested that this Honorable Court should exercise its discretion and perhaps deny Mr. Wallace relief pursuant to public safety factors and Mr. Wallace's involvement with drug trafficking of crack cocaine.

18.    United States Probation prepared an Addendum dated March 24, 2008.

19.    The Addendum fails to set out any public safety factor other than the defendant's involvement with trafficking crack cocaine, a factor already taken into account in the sentencing guidelines.

20.    As for post-sentencing conduct, the Addendum sets forth largely positive conduct of Mr. Wallace.

21.    Mr. Wallace was employed by UNICOR, has completed several drug abuse education programs, has obtained his high school diploma, and participated in numerous education programs including introduction to drafting, parenting education, small business opportunity, basic electrical theory, residential and commercial real estate, and soccer officials training.

22.    Mr. Wallace has paid his fine and special assessment.

23.    The only institutional misconduct is minor in nature, with the most recent administrative sanction imposed over two years ago.

24.    Mr. Wallace submits there are no public safety factors or post-sentencing

conduct that should exclude him from a sentence reduction.

25.    Mr. Wallace respectfully requests this Honorable Court to exercise its

discretion and impose the statutory mandatory minimum sentence of 120 months,

a fifteen month reduction from the sentence previously imposed.


        WHEREFORE, it is respectfully requested that this Honorable Court grant

the foregoing Motion for Relief Under18 U.S.C. § 3582(c).


                                        Respectfully submitted,

Date:  April 2, 2008                    */s/ Heidi R. Freese*_____
                                        HEIDI R. FREESE, ESQUIRE
                                        Federal Public Defender
                                        Attorney ID #PA87668
                                        100 Chestnut Street, Suite 306
                                        Harrisburg, PA 17101
                                        Tel. No. (717) 782-2237
                                        Fax No. (717) 782-3881
                                        *(heidi_freese@fd.org)*
                                        *Attorney for Alando Wallace*

5

## CERTIFICATE OF SERVICE

I, Heidi R. Freese of the Federal Public Defender's Office, do hereby certify

that I served a copy of the foregoing **MOTION FOR RELIEF UNDER 18**

**U.S.C. § 3582(c)(2)**, via Electronic Case Filing, or by placing a copy in the United

States mail, first class in Harrisburg, Pennsylvania, addressed to the following:



MARTIN C. CARLSON, ESQUIRE
United States Attorney's Office

ERIC PFISTERER
United States Attorney's Office

DREW THOMAS
United States Probation Office

ALANDO WALLACE

Date: April 2, 2008          /s/ Heidi R. Freese
                             HEIDI R. FREESE, ESQUIRE
                             Asst. Federal Public Defender
                             Attorney ID #PA87668
                             100 Chestnut Street, Suite 306
                             Harrisburg, PA 17101
                             Tel. No. (717) 782-2237
                             Fax No. (717) 782-3881
                             <heidi_freese@fd.org>
                             Attorney for Alando Wallace

6